UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-cr-165 (SRN/LIB) |
| v. | **REPORT AND RECOMMENDATION** |
| Elfred William Petruk, | |
| Defendant. | |

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the parties' pretrial motions.[1] A hearing was held on August 16, 2013, at which time Elfred William Petruk ("Defendant") appeared personally, and by his attorney, Douglas Olson, and the Government appeared by Thomas M. Hollenhorst, Assistant United States Attorney.

Defendant moves for severance of the two remaining counts of the Indictment,[2] Counts 1 and 3, on the grounds that 1) the offenses were improperly joined; 2) Defendant would be caused to incriminate himself in violation of his Fifth Amendment rights; 3) he would be prejudiced by the admission of evidence that would otherwise not be admissible on the other count; and 4) the jury will be unable to properly distinguish the evidence for each count and will instead view the evidence cumulatively. (See Def.'s Mot. Severance of Counts [Docket No. 25]).

The Federal Rules of Criminal Procedure provide that two or more offenses may be properly joined if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R.

---

[1] The parties discovery motions were addressed in a separate Order. (See Docket No. 45).
[2] The District Court dismissed Count 2 and Count 4 of the Indictment, pursuant to the Government's motion. (See Gov't's Mot. Dismiss Counts 2 and 4 [Docket No. 39]; Order [Docket No. 42]).

1

Crim. P. 8(a).

In the present case, Count 1 of the Indictment charges Defendant with carjacking, in violation of 18 U.S.C. § 2119(1), on or about June 18, 2012. (Indictment [Docket No. 1], at 1-2). Count 3 of the Indictment charges Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), on or about December 12, 2012. (Id. at 2-3).

The Government in its written pleadings "concedes that the facts underlying Counts 1 and 3 are separate and distinct." (Gov't's Consol. Resp. Pretrial Mots. [Docket No. 40], at 4). Additionally, at the August 16, 2013, motions hearing, the Government stated that "the facts of these two counts are separate and distinct, and if the defense wants separate trials we think that that would be fair."

In light of the Government's concession, and upon consideration of the present record, the Court finds that the two offenses alleged in Count 1 and Count 3 of the Indictment are not "of same or similar character," are not "based on the same act or transaction," and "are not connected with or constitute parts of a common scheme or plan." Consequently, the Court finds that Count 1 and Count 3 were improperly joined under Fed. R. Crim. P. 8(a).

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED**: That Defendant's Motion for Severance of Counts, [Docket No. 25], be **GRANTED**, as set forth above.[3]


Dated: August 19, 2013                           s/Leo I. Brisbois
                                                                               Leo I. Brisbois
                                                                               U.S. Magistrate Judge

---

[3] Should the District Court adopt this Report and Recommendation, the parties will need to coordinate with each other and with the District Court to determine a trial dates for the separate counts, as well as, the order in which the separate counts are to be tried.

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by September 2, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within **fourteen days** of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.