UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 13-CR-165 (SRN/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| William Elfred Petruk, | |
| Defendant. | |

---

Thomas M. Hollenhorst, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, and Benjamin Bejar, United States Attorney's Office 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, on behalf of Plaintiff

Douglas Olson, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, Minnesota 55415, on behalf of Defendant William Elfred Petruk
_____

SUSAN RICHARD NELSON, District Judge

Before the Court are proposed jury instructions concerning three areas: (1) the Government's proposed jury instruction concerning consciousness of guilt (Govt.'s Proposed Instruction No. 28 [Doc. No. 80 at 38]); (2) the parties' proposed supplemental jury instructions concerning Defendant's in-custody status (Govt.'s Proposed Supp'l Instruction No. 33 [Doc. No. 88 at 4]; Defendant's Proposed Supp'l Instruction on Custody Status); and (3) the parties' proposed supplemental jury instructions on the offense of carjacking (Govt.'s Proposed Supp'l Instruction No. 24 [Doc. No. 88 at 2-3];

1

Def.'s Proposed Supp'l Instruction No. 8 [Doc. No. 87 at 2].)

As to the Government's proposed instruction on consciousness of guilt, assuming the evidence is properly entered at trial, the Government's instruction may be given. See United States v. Zierke, 618 F.3d 755, 758-59 (8th Cir. 2010) (affirming the admissibility of a jailhouse recording in which the defendant phoned his son and intimated that he would harm two testifying witnesses as "consciousness of guilt" evidence); United States v. Allee, 299 F.3d 996, 1002 (8th Cir. 2002) (holding admissible the tapes of jailhouse phone calls in which the jury could have inferred that the defendant sought to create an alibi or implicate others); United States v. Garrison, 168 F.3d 1089, 1093 (8th Cir. 1999) (upholding the admissibility of drug courier's threatening phone call received from the defendant). The Government's proposed instruction follows the language found in the Manual of Model Criminal Jury Instructions for the Eighth Circuit ("Eighth Circuit Manual"), § 4.09 (2013).

Regarding the parties' proposed instructions on Defendant's custody status, the Government plans to present evidence at trial that Defendant was in custody at the time he made certain phone calls or wrote letters. At the pretrial conference, counsel for Defendant acknowledged that some type of instruction would be appropriate and he provided a proposed instruction. Substantively, the proposals submitted by the Government and Defendant are essentially the same, although the wording of Defendant's proposed instruction is a bit more concise. Again, assuming that evidence is admitted concerning Defendant's custody status, Defendant's proposed instruction may be given. See United States v. Wheeler, 802 F.3d 778, 781 (5th Cir. 1986) (affirming references to defendants' prisoner status during voir dire and in the court's instructions, finding that defendants' custody status "was bound to come up

repeatedly throughout the trial" and the judge's reference to prisoner status did not unduly emphasize that status to the jury any more than the trial itself would emphasize it).

Finally, regarding the parties' proposed supplemental jury instructions on the offense of carjacking, the Government's proposed instruction may be used. The Government's proposed instruction is consistent with Eighth Circuit precedent. See Holloway v. United States, 526 U.S. 1, 12 (1999) (holding that "the intent requirement of § 2119 is satisfied when the Government proves that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car. . . ."); United States v. Casteel, 663 F.3d 1013, 1020 (8th Cir. 2011) ("We hold a motor vehicle is in a person's presence for purposes of § 2119 "if it is so within his [or her] reach, inspection, observation or control, that he [or she] could if not overcome by violence or prevented by fear, retain his [or her] possession of [the vehicle]."); United States v. Wright, 246 F.3d 1123, 1126 (8 Cir. 2001) (explaining that "taking" involves "the acquisition by the [defendant] of possession, dominion or control of the property for some period of time.").

Dated: December 6, 2013

                                                  s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Court Judge