UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Elfred William Petruk,<br><br>Defendant. | Case No. 13-cr-165 (SRN/LIB)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Thomas M. Hollenhorst and Benjamin Bejar, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Douglas Olson, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, Minnesota 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.   INTRODUCTION

This matter is before the Court on Defendant's *Pro Se* Motion for Direct Appeal, New Trial, or J. of Acquittal [Doc. No. 121] and Defendant's "Motion to Amend with Motion of Acquittal or New Trial" [Doc. No. 124].  For the reasons set forth below, the Court denies Defendant's motions.

## II.   BACKGROUND

Defendant Elfred William Petruk was charged with carjacking (Count 1) and corruptly attempting to obstruct an official proceeding (Counts 2 and 3).  (Superseding Indictment [Doc. No. 74].)  On December 11, 2013, after a three-day trial, a jury convicted

Defendant of all counts.  (Verdict Form [Doc. No. 109].)

On December 26, 2013, Defendant filed a *pro se* motion asking the Court to grant him a direct appeal and to grant him a new trial, or in the alternative, an acquittal.  (*Pro Se* Mot. for Direct Appeal, New Trial, or J. of Acquittal [Doc. No. 121].)  The Government opposed Defendant's motion.  (Government's Resp. in Opp'n to Def.'s *Pro Se* Post-Trial Mot. [Doc. No. 123].)  In January 2014, Defendant filed a "Motion to Amend with Motion of Acquittal or New Trial," two letters to this Court, and a response to the Government's opposition brief—all *pro se*.  (*Pro Se* Def.'s Mot. to Am. with Mot. of Acquittal or New Trial [Doc. No. 124]; Jan. 15, 2014, *Pro Se* Letter to District Judge for Direct Appeal, New Trial, or Judgment of Acquittal [Doc. No. 125]; *Pro Se* Resp. to Government's Opp'n [Doc. No. 126]; Jan. 22, 2014, Letter to District Judge [Doc. No. 129].)

### III.  DISCUSSION

In support of his motions, Defendant argues that (1) the Government did not prove an element to the carjacking count—namely, that the motor vehicle in question had been transported, shipped, or received in interstate or foreign commerce; (2) witnesses Travis Behning and Darin Nemerow committed perjury; and (3) the Government tampered with evidence.  (*Pro Se* Mot. for Direct Appeal, New Trial, or J. of Acquittal [Doc. No. 121]; *Pro Se* Mot. to Am. with Mot. of Acquittal or New Trial [Doc. No. 124].)

#### A.  Standard of Review

Rule 29 of the Federal Rules of Criminal Procedure provides that a Court may set aside a guilty verdict if the evidence presented at trial is insufficient to sustain a

conviction. FED. R. CRIM. P. 29(c)(2). The Court, however, "has very limited latitude in ruling upon a motion for judgment of acquittal." United States v. Baker, 367 F.3d 790, 797 (8th Cir. 2004). The Court cannot weigh the evidence or assess the credibility of witnesses. Id. If the evidence rationally supports two conflicting hypotheses, the Court will not disturb the conviction. Ortega v. United States, 270 F.3d 540, 544-45 (8th Cir. 2001). Accordingly, the Court may grant a judgment of acquittal "only where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements of the crime charged." Baker, 367 F.3d at 797.

Rule 33 of the Federal Rules of Criminal Procedure permits the Court to grant a new trial to a defendant "if the interests of justice so require." FED. R. CRIM. P. 33. When ruling on a motion for a new trial under this rule, the Court has broader discretion than on a motion for judgment of acquittal under Rule 29. United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002). It may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992). Nonetheless, the Court's discretion is not unlimited, and it must exercise its authority under Rule 33 "sparingly and with caution." Campos, 306 F.3d at 579. Unless the Court determines that a miscarriage of justice will occur, the jury's verdict must stand. Id.

### B. Defendant's *Pro Se* Filings

As a preliminary matter, Defendant's *pro se* filings are barred because he has counsel. See United States v. Agofsky, 20 F.3d 866, 872 (8th Cir. 1994) ("There is no

constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel."). Because Defendant is represented by counsel, he should act through counsel and not on his own. Thus, Defendant's *pro se* submissions are barred procedurally.

### C. Whether the Motor Vehicle in Question Had Been Transported, Shipped, or Received in Interstate Commerce

To sustain Defendant's conviction for carjacking (Count 1), the Government was required to prove four elements:

1. Defendant took a motor vehicle—that is, a 1989 GMC Sierra Pickup Truck, Vehicle Identification Number 1GTDK14K0KZ542243—from the person or presence of another;

2. Defendant did so by means of force and violence or by intimidation;

3. The 1989 GMC Sierra Pickup Truck, Vehicle Identification Number 1GTDK14K0KZ542243, had been transported, shipped, or received in interstate commerce; and

4. At the moment Defendant took the 1989 GMC Sierra Pickup Truck, Vehicle Identification Number 1GTDK14K0KZ542243, from the person or presence of another, he intended to cause serious bodily injury.

Defendant claims the Government failed to prove that the 1989 GMC Sierra Pickup Truck had been transported, shipped, or received in interstate or foreign commerce. The Court respectfully disagrees. At trial, the Government presented Travis Behning's testimony that he purchased the vehicle in Wisconsin. Travis Behning, Tammy Behning, and Dustin Behning all testified that the truck was parked in front of

the Behning residence in Saginaw, Minnesota, when it was stolen by Defendant.  The Government also introduced several exhibits attesting to the interstate movement of the truck.  For example, Government Exhibit 2E is a sworn affidavit stating that the truck was assembled in Fort Wayne, Indiana, and then shipped to a dealer in Flemington, New Jersey.  Government Exhibit 2F is a certified document corroborating Travis Behning's testimony that he purchased the truck in Superior, Wisconsin.  Government Exhibit 2G is a certified document stating that the truck was at one time titled in New Jersey.  Altogether, this evidence showed that the truck was assembled in Indiana, shipped to New Jersey, purchased by Travis Behning in Wisconsin, and then brought to Minnesota.  The Court finds more than sufficient evidence to show that the 1989 GMC Sierra Pickup Truck had been transported, shipped, or received in interstate commerce.  Thus, Defendant's motions under Rule 29 and Rule 33 on this ground are denied.

### D. Witness Perjury

#### 1. Travis Behning

Defendant argues that Travis Behning committed perjury at trial about the route he took in pursuing Defendant.  (*Pro Se* Mot. for Direct Appeal, New Trial, or J. of Acquittal at 2-4 [Doc. No. 121]; Def.'s Mot. to Am. with Mot. of Acquittal or New Trial at 4 [Doc. No. 124].)  Defendant claims that Mr. Behning's testimony on this topic differed from that of Deputy Thornwall.  Defendant also claims that Government Exhibit 2A shows "mud chunks" on the truck tires, which is inconsistent with having driven down a "white chalky dirt road," as Mr. Behning purportedly testified.  But as the Government correctly notes, whether this road was a brown dirt one or a "white chalky"

5

one is immaterial as to whether Defendant carjacked the truck from Mr. Behning. (Government's Resp. in Opp'n to Def.'s *Pro* Se Post-Trial Mot. at 5 [Doc. No. 123].) Either way, the trial record does not support a finding that Mr. Behning lied about the route he took in pursuing Defendant or the location of the carjacking incident.

### 2. Darin Nemerow

Defendant argues that witness Darin Nemerow committed perjury by testifying that he did not recall whether Defendant told Sara Jean Peterson to cooperate with law enforcement. (Def.'s Mot. to Am. with Mot. of Acquittal or New Trial at 3 [Doc. No. 124].) Defendant claims that he told Ms. Peterson to cooperate, and that transcripts of their conversations indicating otherwise were altered. (Id.)

Defendant's position here is wholly unsupported. To sustain a conviction for the crime of corruptly attempting to obstruct an official proceeding (Counts 2 and 3), the Government was required to prove two elements:

1. Defendant attempted to obstruct, influence, or impede any official proceeding, and
2. Defendant acted corruptly.

At trial, the Government presented the testimony of Sarah Jean Peterson about several telephone recordings between her and Defendant in December 2012, in which Defendant asked her to obtain false alibi statements. Ms. Peterson also testified about two letters written to her by Defendant in October 2013, which contained the detailed script for another person to falsely assume responsibility for the carjacking. Ms. Peterson further testified about her recorded phone conversations with Defendant in November 2013, in

which she and Defendant discussed the scheme and the alibi statements. Viewing the evidence in the light most favorable to the verdict, the Court finds more than sufficient evidence for Defendant's convictions on Counts 2 and 3.

For all of these reasons, Defendant's motions on the ground of witness perjury are denied as well.

### E. Tampered Evidence

Finally, Defendant claims that the Government tampered with evidence—a purported Government Exhibit 19C—by photographing a hammer next to a 1985 Chevrolet Silverado, Vehicle Identification Number 1GCEK14L6FJ150174, and labeling the exhibit "photograph of 1985 Chevrolet Silverado VIN # 1GCEK14L6FJ150174 and hammer." (Def.'s Mot. to Am. with Mot. of Acquittal or New Trial at 2 [Doc. No. 124].) Defendant appears to argue that the hammer was photographed out of context, next to a vehicle that is not at issue in his case.

Having reviewed the Government's exhibit list, both original and amended forms [Doc. Nos. 116, 117], the Court notes that no such exhibit was offered or admitted. The only photograph of a hammer was Government Exhibit 2C, which depicts a hammer in the front seat of the 1989 GMC Sierra Pickup Truck, Vehicle Number 1GTDK14K0KZ542243—the vehicle at issue in this case. Accordingly, Defendant's claim of tampered evidence cannot sustain his motions for relief.

## IV. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Defendant's *Pro Se* Motion for Direct Appeal, New Trial, or Judgment of Acquittal [Doc. No. 121] and "Motion to Amend with Motion of Acquittal or New Trial" [Doc. No. 124] are **DENIED**.

Dated:     January 27, 2014                    s/ Susan Richard Nelson
                                               SUSAN RICHARD NELSON
                                               United States District Court Judge