## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13-CR-165 (SRN/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| ELFRED WILLIAM PETRUK, | |
| Defendant. | |

Thomas M. Hollenhorst and Benjamin Bejar, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Elfred William Petruk, Reg. No. 11893-041, USP-Atwater, P.O. Box 019001, Atwater, CA 95301, Pro Se Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Pro Se Motion to Vacate Under 28 U.S.C. § 2255 ("2255 Motion") [Doc. No. 234] and the Pro Se Application to Proceed without Prepaying Fees or Costs ("IFP Motion") [Doc. No. 235] filed by Defendant Elfred William Petruk. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court denies Petruk's 2255 Motion and denies as moot his IFP Motion.

## I.    BACKGROUND

In June 2013, the Government charged Petruk in an indictment with carjacking (Count 1), conspiracy to distribute methamphetamine (Count 2), being a felon in possession of a firearm (Count 3), and possession with intent to distribute methamphetamine (Count 4). (Indictment [Doc. No. 1].) On the Government's motion,

the Court later dismissed the two drug-related counts.  (Aug. 15, 2013 Order [Doc. No. 42].)

In November 2013, the Government charged Petruk in a Superseding Indictment with the original carjacking count, removed the felon in possession count, and added two counts alleging that he had corruptly attempted to obstruct an official proceeding. (Superseding Indictment [Doc. No. 74].)  In December 2013, a jury convicted Petruk on all three counts of the Superseding Indictment.  (Jury Verdict [Doc. No. 109].)  In April 2014, the Court sentenced him to 168 months in prison on the three counts, to be served concurrently.  (Sentencing J. [Doc. No. 144].)

Petruk successfully appealed his conviction for carjacking and one of the obstruction counts to the Eighth Circuit Court of Appeals.  *See United States v. Petruk*, 781 F.3d 438 (8th Cir. 2015).  After the Eighth Circuit remanded the case to the district court for resentencing on the remaining conviction for attempted obstruction, *id.,* the Court resentenced him to 46 months in prison, followed by three years of supervised release. (Resentencing J. [Doc. No. 192].)  Petruk unsuccessfully appealed this sentence to the Eighth Circuit.  *United States v. Petruk*, 836 F.3d 974 (8th Cir. 2016); (8th Cir. J. [Doc. No. 206].)

While on supervised release for the attempted obstruction conviction, the Government indicted Petruk for possessing methamphetamine and for associating with a convicted felon.  *United States v. Petruk*, No. 16-cr-285 (ADM/LIB) [Doc. No. 11]. Following his conviction by a jury, the court sentenced Petruk in December 2017 to 372 months in prison on both counts.  *Petruk*, 16-cr-285, Sentencing J. [Doc. No. 172].  In

addition, the court found that he had violated the terms and conditions of supervised release imposed in the instant case, 13-cr-165, by committing the acts charged in the 16-cr-285 case, and therefore sentenced Petruk to 30 months, to be served consecutively to the 372-month sentence.  (Sentencing J. & Supervised Release Violation [Doc. No. 223].)  On appeal, the Eighth Circuit affirmed the convictions and revocation of supervised release. *United States v. Petruk*, Nos. 17-3823 & 17-3024 (8th Cir. July 11, 2019) [Doc. No. 231].

In September 2020, Petruk filed the instant motion, arguing that his 2013 conviction and 2015 resentence for attempting to obstruct an official proceeding, along with his "probation sentence," should be set aside pursuant to 28 U.S.C. § 2255.  (Def.'s 2255 Mot. at 5, Ground One.)  He asserts a claim of ineffective assistance of counsel, and offers the following statements in support of his claim:

> I received a sentence and probation sentence [for] corruptly attempting to obstruct an official proceeding where I only attempted to obstruct the federal carjacking count to my indictment!  [T]he courts ruled that the federal carjacking count did not meet the elements [of] a federal carjacking case! [I]t was only an attempt to obstruct a federal proceeding!  [T]he actions never obstructed an official proceeding but only attempted . . . then the courts ruled that the proceeding I attempted to obstruct did not meet the federal carjacking statu[t]e which means the obstruction or [] attempted obstruct[ion] should also not meet any federal statu[t]e!  [T]he district court wrongfully sentenced me to any sentence[.]

(*Id.*)

In opposition, the Government argues that Petruk's 2255 Motion falls well outside the time limit for filing such motions, and, on the merits, he fails to state a claim upon which relief can be granted.  (Gov't Opp'n [Doc. No. 236] at 4.)

In his Reply, Petruk reiterates his argument that because his conviction for attempted obstruction concerned the carjacking charge, which was later reversed, his conviction for attempted obstruction and the related period of supervised release were improper. (Reply [Doc. No. 237] at 3.)   In addition, he presents arguments about the other charges from the 2013 proceedings, including the charges that were voluntarily dismissed. (*Id.* at 1–3.)

## II.    DISCUSSION

### A.    Statute of Limitations

A one-year statute of limitations applies to § 2255 motions, which runs from the latest of:

> (1) The date on which the judgment of conviction becomes final;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Petruk invokes no governmental impediment, no right newly recognized by the Supreme Court, nor any newly-discovered facts, (*id*. § 2255(f)(2)-(4)), the Court considers the date on which his judgment of conviction became final as the starting point

for determining the applicable statute of limitations.  As noted, the Court resentenced Petruk in this case on July 1, 2015, (July 1, 2015 Minutes [Doc. No. 190]), and the Eighth Circuit affirmed the sentencing judgment on September 9, 2016. (8th Cir. J. [Doc. No. 206].)  Petruk did not file a petition for certiorari with the Supreme Court.

When a judgment of conviction is appealed and affirmed, and a petition for certiorari is not filed, the judgment becomes final when the time expires for filing a petition for certiorari.  *See Clay v. United States*, 537 U.S. 522 (2003).  After the Eighth Circuit issued its judgment on September 9, 2016, Petruk had 90 days in which to petition for certiorari from the Supreme Court.  S. Ct. R. 13.1 (stating that a petition for a writ of certiorari to review a judgment entered by a United States court of appeals must be filed within 90 days after entry of the judgment, and specifying that "the time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate.").  Petruk's conviction therefore became final on December 8, 2016 (i.e., 90 days after September 9, 2016).  Pursuant to § 2255(f)(1), Petruk had one year, until December 8, 2017, to file his § 2255 petition.  He did not file his motion until September 22, 2020—more than two years and nine months too late.  Accordingly, under § 2255(f)(1), his motion is untimely, and the Court cannot consider his ground for relief.

### B.    Equitable Tolling

The Eighth Circuit has held that the one-year limitations period for § 2255 motions may be equitably tolled where "'extraordinary circumstances' beyond a prisoner's control prevent timely filing." *United States v. Martin*, 408 F.3d 1089, 1092–93 (8th Cir. 2005).

5

For equitable tolling to apply, a prisoner must show that: (1) extraordinary circumstances prevented him from timely filing; and (2) he was diligent in pursuing the § 2255 motion. *Id*. at 1093–95. Equitable tolling is an "exceedingly narrow window for relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005) (quoting *Jihad v. Hvass*, 267 F .3d 803, 805 (8th Cir. 2001)).

Petruk fails to meet this standard. He states that because his counsel did not raise the ground of relief that he asserts here, "I have no choice but to raise it in my 2255 motion." (Reply at 3.) He further asserts that he is not an attorney and does not understand how to make such arguments. But these assertions do not warrant equitable tolling, as they do not support a finding of extraordinary circumstances outside Petruk's control, nor do they demonstrate that he exercised reasonable diligence to discover the facts supporting his current claim. *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008). To the contrary, it appears that the "facts" supporting Petruk's current 2255 Motion were known to him well before the expiration of the limitations period.

In sum, Petruk has failed to show that extraordinary circumstances beyond his control prevented him from timely filing his claim, and that he was diligent in pursuing the claim. Accordingly, equitable tolling is unavailable. Because Petruk's petition is untimely, the Court declines to consider the merits of his claim.

### C.   **Evidentiary Hearing**

A § 2255 motion may be dismissed without a hearing if: (1) Defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are

conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Moreover, where the record includes all of the information necessary for the court to rule on the motion, an evidentiary hearing is unnecessary. *Covey v. United States*, 377 F.3d 903, 909 (8th Cir. 2004) (citations omitted). Applying this standard to the allegations and the record, the Court finds that Defendant fails to meet the requirements identified in *Delgado*, 162 F.3d at 983, and the record here includes all the information necessary for the Court to rule. *Covey*, 377 F.3d at 909. Accordingly, no evidentiary hearing is required in this case.

### D.      Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a certificate of appealability and Defendant's request is denied.

### E.      Pro Se Motion for IFP Status

As noted, Petruk also moves for *in forma pauperis* ("IFP") status to proceed in this Court without paying costs or fees. The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that

includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).  No fee is required, however, to file a § 2255 petition.  *See, e.g., United States v. Mosby*, No. 17-cr-17 (ADM/TNL), 2020 WL 5653865, at *2 (D. Minn. Sept. 23, 2020); *United States v. Schultz,* No. 13-cr-214 (DWF/JSM), 2015 WL 5853117, at *3 (D. Minn. Oct. 7, 2015).  Thus, Petruk's IFP Motion is denied as moot.

## III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1.  Defendant's Pro Se Motion to Vacate Under 28 U.S.C. § 2255 [Doc. No. 234] is **DENIED** and **DISMISSED** as time-barred;

2.  Defendant's Pro Se Motion to Proceed in District Court Without Paying Fees or Costs [Doc. No. 235] is **DENIED AS MOOT**; and

3.  The Court will not issue a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 20, 2021                                    s/Susan Richard Nelson
                                                       SUSAN RICHARD NELSON
                                                       United States District Judge